LOTTINGER, Judge.
This is an automobile accident case wherein liability was stipulated, and trial was held as to quantum. The Trial Judge rendered well written reasons for judgment, which we now quote in their entirety:
“Plaintiff, Larnus McGlory, brings this suit for damages as a result of an automobile collision which occurred south of Alexandria, Louisiana, on May 17, 1968. Named as defendants were the adverse driver and his liability insurer, Allstate Insurance Company. Since liability has been established by stipulation and recovery limited as against the insurance company, the sole issue is the extent of damages suffered by the petitioner.
McGlory was thrown against the steering wheel by the force of the impact of the head on collision and immediately was conscious of pain in his left arm, shoulder and across the chest. His only visible injury was a laceration and contusion of the upper left arm. Following the accident he was taken by ambulance to the St. Francis Cabrini Hospital in Alexandria where he was seen by A. D. Kings-ley for the above described injuries, as well as for a sore neck. Three days later he was discharged from the hospital and thereafter was seen by Dr. D. J. deBlanc, a physician in Opelousas. At that time he was complaining of discomfort and pain from his shoulder, chest and neck. Subsequently, he said he developed additional pain in his lower back.
Dr. deBlanc recalled on deposition that on May 20, 1968 when he made his initial examination of McGlory, he found the evidence of injury in the following respects: 1) laceration of left arm; 2) contusion of left side of face in the frontal and temple region; 3) myofascious ligamentous strain; and 4) muscle spasm in the cervical and lumbar areas. Following this, he saw his patient on one other occasion prior to August 28, 1968 at which time he said McGlory’s injuries referable to his arm and shoulder had cleared up. However, he felt he was still unable to work despite a minimum of objective symptoms. Thereafter, he saw the plaintiff on an intermittent basis for the next year. During this period there were several occasions when he thought and recommended to the patient that he try to return to work, but each time McGlory would return with renewed complaints of pain and difficulty. In summation Dr. deBlanc felt that the plaintiff suffered a ruptured disc, but acknowledged that there were no real objective findings to support his conclusion.
The plaintiff was also seen by Drs. Homer Kirgis, Robert L. Bordelon and William Smith, specialist, primarily for examination and evaluation. Dr. Borde-lon, an orthopedic surgeon, first saw Mc-Glory on November 7, 1968. Because of a positive straight leg raising test on the left, he initially concluded that the plaintiff may have suffered nerve root irritation in the lumbar area attributable to the accident; however, upon a later visit in February he felt the results of the same test were inconsistent and concluded there was no impairment from an orthopedic standpoint. Thereafter, he was seen by Dr. Homer Kirgis, a neurosurgeon with Oschner Clin *235 ic. After performing several examinations and a myleography on the patient, he concluded that the plaintiff probably had a ruptured lower intervertebral disc of a slight degree, but said it was his impression that ‘ “he would be able to return to work without surgical treatment.” ’
Dr. Smith, also an orthopedic surgeon, saw McGlory on November 26, 1969, at the request of defendant insurer. After performing a thorough physical examination, he said that' he was unable to find any objective signs of low back disease or injury. It is obvious that there was no consensus of opinion reached by the respective physicians who examined and treated the plaintiff and in the absence of any collective opinion voiced by them, the Court believes that the opinion of Dr. Kirgis should be accorded the greatest weight. His conclusion as described heretofore was that as a result of the accident the plaintiff sustained a slight injury to the fourth disc which would not require surgery and that McGlory should be able to return to work. The Court believes that the plaintiff has had periods of remission and exacerbation of his injury during the past two years and for an indeterminate time; nevertheless, from the extensive medical evidence available it does not appear that the plaintiff will have any substantial future disability. Considering the nature of the initial injuries suffered by McGlory, together with the continuing problems associated with the cervical and lumbar region, the Court is of the opinion that the sum of $7,500.00 should be a fair award to compensate him for these assorted injuries.
In addition to plaintiff’s claim for damages because of his injuries, he makes a claim for loss of earnings which poses a real question due to the fact that he was self employed as a carpenter-contractor at the time of his accident and due to his own ready admission that his income tax returns were not reliable as to his actual income during the years represented. Further, while there is no question that the plaintiff was incapacitated to perform the usual duties incident to his occupation during much of the time following the accident, nonetheless he acknowledged that he had completed one job and commenced two other jobs during this period, albeit with much difficulty. From the evidence submitted to the court, there is absolutely no sound mathematical basis to compute the loss of earnings sustained by the pláintiff in his endeavors as contractor and farmer following the accident; however, it is fair to say that his earning capacity and his actual earnings did suffer as a result of the mishap. In this regard, the Supreme Court stated in Viator v. Gilbert, 253 La. 81, 216 So.2d 821:
‘Thus it appears that plaintiff is entitled to recover for whatever loss of future earnings he will sustain as a result of the accident. In attempting to arrive at the correct measure of damages for this item, it is essential that we direct attention to plaintiff’s physical condition prior to the accident, his work record, the amount of his earnings and the probability or improbability that he would have been able to earn similar amounts for a number of years but for the disability brought about or aggravated by the * * * accident. Then, too, consideration must be given to the settled jurisprudence of this Court that allowance of monetary damages for loss of future earnings (or support of dependents in case of death) cannot be calculated with mathematical exactitude; that they are speculative in character and the “ * * * most that the courts can do * * * is to exercise a sound judicial discretion and award such amount as, all the circumstances considered, may seem just to both litigants and not unduly oppressive to either.” Dobyns v. Yazoo & M. V. R. Co., 119 La. 72, 43 So. 934. See also Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891; McFarland v. Illinois Central Railroad Company, 241 La. 15, 127 So.2d 183, 87 A.L.R.2d 246; and Pennington v. Justiss-Mears Oil Company, 242 La. 1, 2, 134 So.2d 53.’
*236 This Court is therefore of the opinion that the evidence warrants a finding that the plaintiff did suffer loss of earnings as a result of the accident, but only susceptible of an approximation, and this is set at the sum of $2,500.00.
While the medical expenses were not stipulated to, there was no controversy regarding these items and the total amounts to $2,092.04. The fee of Associated Court Reporters and Belle D. Castille for the taking of the depositions of the doctors was $91.40 and $50.50, respectively, which are taxed as costs. Further, the expert witness fees of Drs. deBlanc, Kirgis, Bordelon, and Smith are fixed at $40.00 each and also taxed as costs.
For the foregoing reasons, judgment is rendered herein in favor of the plaintiff, Larnus McGlory, and against the defendant, Allstate Insurance Company, in the sum of $12,092.04, together with all costs. Plaintiff's suit as against defendant, Walter Tullos is dismissed.”
The plaintiff has perfected this appeal and contends that the Trial Court erred in excluding the testimony of three witnesses because they were not listed in the pretrial order, and that the Court erred in granting inadequate damages.
The pre-trial order set out which witnesses the plaintiff intended to call, and did not name the individuals whose testimony was excluded by the Trial Judge. The pre-trial order provided: “There may be other witnesses to be called at the trial by the plaintiff and their names and addresses and the general subject matter of their testimony will be reported to opposing counsel at least ten (10) days prior to trial. This shall not apply for rebuttal witnesses.” Apparently the provisions of the pre-trial order were not complied with as to the excluded witnesses. No notification as provided for was sent to opposing counsel ten days prior to trial. Plaintiff contends that these witnesses had been subpoenaed for a previous fixing in this case, and when continued and re-fixed for a new trial date, were re-subpoenaed. We do not find this complied with the pre-trial order necessary enough to give notice. We agree with the Trial Court.
The Trial Court awarded the plaintiff $7,500.00 for personal injuries. After studying all of the medical testimony as presented at the trial of this matter, and adequately reported by the Trial Judge in his written reasons for judgment, we can find no error in this award. In Hyatt v. Hartford Accident and Indemnity Company, 225 So.2d 102 (La.App.3rd Cir., 1969) a severe sprain of the low back and probably a herniated disc was awarded $7,500.00.
The Trial Judge further awarded the plaintiff $2,500.00 for loss of wages. Considering that the plaintiff's testimony did not correspond with the facts presented by his income tax returns, we can find no error in the award made by the Trial Court for loss of wages.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed.
Judgment affirmed.